IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LIONEL TALBOT, NANCY TALBOT, MARIO TALBOT, and GEORGE SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>Defendants. | CV 14-127-M-DLC-JCL<br><br>ORDER |

Plaintiff Lionel Talbot submitted his civil complaint, and a Motion to Proceed In Forma Pauperis, identifying the four individuals listed in the caption as Plaintiffs. The Plaintiffs are all proceeding pro se in this action, but Lionel Talbot is the only Plaintiff who signed the complaint and the motion.

In view of the foregoing, Lionel Talbot, as a pro se litigant who is not an attorney, cannot represent other pro se litigants in this action. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Consequently, the Court will construe this action as filed and prosecuted only by Lionel Talbot.

1

## I. IN FORMA PAUPERIS APPLICATION

Lionel Talbot submitted a financial declaration in support of his Motion to Proceed In Forma Pauperis. The Court finds Talbot's declaration makes the required showing under 28 U.S.C. § 1915(a) establishing that he is indigent. Because it appears Talbot lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Talbot's Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune

from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Talbot's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Talbot filed this action to address the United States Department of Veterans Affairs' ("VA") alleged refusal to award him veterans' benefits to which he asserts he is entitled. Talbot states he is disabled and is the son of a veteran, thereby rendering him eligible to receive benefits from the VA. Therefore, he requests the Court order the VA to provide him with "complete and full entitlement to benefits" for his education and medical needs. (Doc. 2 at 7.)

## III. DISCUSSION

Because Talbot is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

3

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In addition to the grounds for screening the merits of a complaint set forth in 28 U.S.C. § 1915(e)(2) described above, a court must also determine whether it has jurisdiction over the matters presented in the complaint. Federal courts are courts of limited jurisdiction, and generally it is presumed a cause of action lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). The federal courts are obligated to independently examine their own jurisdiction (*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)), and a district court may dismiss an action *sua sponte* whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

The VA's administrative decisions affecting veterans' benefits are subject to a very specific process of judicial and appellate review. In general, to obtain veterans' benefits a veteran or purported beneficiary must begin the application process by filing a claim with a regional office, or "agency of original jurisdiction" within the Department of Veterans Affairs. A veteran or beneficiary who is dissatisfied with the resolution of his or her claim can appeal the decision of the agency of original jurisdiction to the Board of Veterans' Appeals. 38 U.S.C. §§

4

7104(a) and 7105(d).

Following review by the Board of Veteran's Appeals a claimant can then appeal any adverse decision to the United States Court of Appeals for Veterans Claims. 38 U.S.C. §§ 7252 and 7261. The Court of Appeals "shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals[,]" and it has authority to "affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a).

The Court of Appeals' decision is, in turn, subject to appellate review as provided under 38 U.S.C. § 7292. 38 U.S.C. § 7252(c). Section 7292 grants to the United States Court of Appeals for the Federal Circuit the "exclusive jurisdiction" to review decisions of the Court of Appeals. 38 U.S.C. § 7292(c). The Federal Circuit is vested with the "power to affirm or, [...] to modify or reverse the decision of the Court of Appeals for Veterans Claims or to remand the matter, as appropriate." 38 U.S.C. §7292(e)(1).

Finally, a veteran or beneficiary can seek review of the final judgment of the Federal Circuit by filing a writ of certiorari with the United States Supreme Court as provided in 28 U.S.C. § 1254. 38 U.S.C. § 7292(c).

As reflected in the provisions of the forgoing statutes, judicial review of the decisions of the Secretary of the Department of Veterans Affairs is strictly limited

to the appeal procedures outlined above. The Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court" except as provided in Title 38 of the United States Code. 38 U.S.C. § 511(a). As a result, "judicial review of claims related to the provision of veterans' benefits [...is] within the exclusive purview of the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012) (citing 38 U.S.C. §§ 511, 7252 and 7292). The statutory review mechanism divests the Article III courts of jurisdiction to review claims for veterans' benefits. *Id*. *See also Tietjen v. United States Veterans Administration*, 884 F.2d 514, 515 (9th Cir. 1989) (construing predecessor to § 511(a) codified at 38 U.S.C. § 211(a)).

Additionally, other legal claims advanced by a plaintiff which relate to the denial of veterans' benefits are also barred from review in the district courts. The federal courts have "consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (citing, *inter alia*, *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) and *Rosen v. Walters*, 719 F.2d 1422, 1425 (9th Cir. 1983)). Thus, where the "substance" of a plaintiff's action challenges a decision "concerning a

benefit provided by a law administered by the Veterans Administration," the court lacks jurisdiction over the action.  *Tietjen*, 884 F.2d at 515.

The "exclusive jurisdiction" for the review of decisions affecting veterans' benefits is described in the statutory appellate procedures outlined above, and the court with jurisdiction to conduct appellate review of those decisions is the Federal Circuit.  Consequently, the other lower district courts lack subject matter jurisdiction over a plaintiff's claims stemming from decisions of the Secretary of the Department of Veterans Affairs.  *Veterans for Common Sense*, 678 F.3d at 1016.

## IV.  CONCLUSION

Based on the forgoing, the Court concludes the substance of all of Talbot's claims advanced in this action seek to challenge the denial of his asserted entitlement to, or eligibility for, veterans' benefits, and seek to establish an award of those benefits.  Therefore, this Court lacks jurisdiction over this action, and **IT IS HEREBY RECOMMENDED** that Talbot's Complaint should be **DISMISSED.**

DATED this 8th day of July, 2014.

					_____
					Jeremiah C. Lynch
					United States Magistrate Judge