IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LIONEL TALBOT, NANCY TALBOT, MARIO TALBOT, and GEORGE SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>Defendants. | CV 14–127–M–DLC<br><br>ORDER<br><br>**FILED**<br>SEP 2 2 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on July 8, 2014, recommending that Plaintiffs' claims against Defendants be dismissed because the Court lacks jurisdiction over this action. Plaintiffs failed to timely object to the Findings and Recommendation, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). The Court adopts Judge Lynch's findings and recommendation in full.

-1-

The Plaintiffs are all pro se litigants. However, Lionel Talbot is the only Plaintiff who signed the complaint and the motion. (Doc. 2 at 8.) As a non-attorney, pro se litigant, Lionel Talbot cannot represent "anyone other than himself." *Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962) (citing *Carrigan v. Cal. St. Legis. et al.*, 263 F.2d 560 (9th Cir. 1959)). Therefore, Judge Lynch correctly construed the Complaint as brought in Lionel Talbot's name only.

Because Plaintiff moved to proceed in forma pauperis, Judge Lynch conducted a preliminary screening of the complaint under Title 28 U.S.C. § 1915(e)(2). Judge Lynch then examined whether the Court has jurisdiction over this action. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Plaintiff's claims involve the alleged denial of veterans' benefits. Such claims are outside the jurisdiction of the Court because Congress has granted "exclusive jurisdiction over claims affecting veterans' benefits" to the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit. *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012); *See also* 38 U.S.C. §§ 511, 7252, 7292. Therefore, there is no clear error in Judge Lynch's recommendation that Plaintiff's Complaint be dismissed for lack of jurisdiction.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 4) are ADOPTED IN FULL.

The Complaint (Doc. 2) is DISMISSED. The Clerk of Court shall enter judgment in favor of Defendants and against Plaintiff. This case is CLOSED.

DATED this 22nd day of September 2014.

Dana L. Christensen, Chief Judge
United States District Court